# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| RONALD A. MARNEY, | § | |
| Plaintiff, | § § § | |
| vs. | § | CASE NO. 6:14CV947-MHS-JDL |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | § § § § § | |
| Defendant. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections. Having made a *de novo* review of the objections filed by Plaintiff, the court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.

In his Objections to the Report and Recommendation, Marney challenges the court's review of the ALJ's credibility determination (finding of fact five), which he asserts was supported by insufficient evidence. He argues that the Magistrate Judge improperly substituted its own basis—namely, the ALJ's finding that Marney had no presumptively disabling impairment (finding of fact four)—for affirming the ALJ's credibility finding. The argument is not well taken.

On review, Marney argued that, despite offering a two-page explanation (*See* Tr. at 33-34) for the grounds for the credibility determination, the ALJ nevertheless failed to articulate credible and plausible reasons for rejecting his subjective complaints. His specific complaint arose from the ALJ's limited citation to specific exhibits or transcripts of testimony in the explanation following finding of fact five, in favor of more general summary of the evidentiary record. *See* Brief of Petitioner at 8-11. But, as the Magistrate Judge's Report fully addresses, a fair reading of the ALJ's explanation of finding of fact five makes clear that, even where specific citation to the record is absent, the credibility determination is based on identifiable medical opinions, reports, and clinical findings, as well as Marney's own testimony presented at the hearing.

As noted on pages 7, 9, and 11 of the Report and Recommendation, the ALJ expressly noted her consideration of "the objective medical evidence" in rendering a credibility determination. And the court simply disagreed with Marney's assertion that this "broad statement," in conjunction with the ALJ's "extensive citation to the medical evidence of record in the pages immediately preceding finding of fact five," was insufficient "to establish that her observations were grounded in the medical opinions, reports, and clinical findings presented at the hearing." Report and Recommendation at 9. The court noted:

> The court does not agree with Marney that the ALJ was required to repeat at finding of fact five the exhaustive list of medical records and testimony she discussed in detail at finding of fact four. It was sufficient for the ALJ to incorporate the list by reference to the "objective medical evidence" in the case.

Report and Recommendation at 11.

Marney mistakenly construes the court's mere reference to the ALJ's list of exhibits and specific testimony at finding of fact four as the court's improper substitution of its own basis for affirming the credibility determination. But the court has made no such substitution. Rather, the

list provides relevant context for the ALJ's broad statement that she relied on the objective medical evidence and, as noted on page 9 of the Report and Recommendation, "tends to establish that her observations were grounded in the medical opinions, reports, and clinical findings presented at the hearing." The substance of the ALJ's finding of fact four, which was not disputed on review, was entirely irrelevant to the court's discussion of the credibility determination.

Marney seems to be advocating a standard under which, no matter how faithfully an ALJ has discussed and cited an exhibit or portion of testimony in an early finding, she is not permitted to summarize that evidence or cross-reference her own discussion in the subsequent pages of her decision and must, instead, repeat a laundry list of citations, restate the contents of the evidence in question, and reiterate points of fact previously made clear. In essence, he invites the court to consider each section of an ALJ's decision out of context, without regard to the language immediately preceding or following, and it seems, without regard to basic rhetorical conventions. The court declines his invitation.

Accordingly, Marney's objections are without merit and will be overruled. There is substantial evidence in the record supporting the Commissioner's decision. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**
**SIGNED this 17th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER